UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BURTUGNO,
                        Plaintiff,

-v-

COMMISSIONER OF SOCIAL
SECURITY,
                        Defendant.

17-CV-2344 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Anthony Joseph Bortugno,[1] proceeding *pro se*, challenges the denial of his social security disability benefits for a period from 2007 to 2009. The Commissioner has filed a motion for judgment on the pleadings. For the reasons below, the motion is granted and this case is dismissed for lack of subject matter jurisdiction.

**I.    Background**

Bortugno, a former electrician, is unable to work because of his various physical and psychiatric impairments. (Dkt. No. 8 ("Tr.") at 22, 47.) This case concerns two separate applications for disability benefits filed by Bortugno. First, in February 2008, Bortugno applied for supplemental security income and disability insurance benefits, alleging a disability onset date of January 1, 2008. (Tr. at 20.) On September 25, 2009, administrative law judge Miriam L. Shire ("ALJ Shire") issued a decision finding that Bortugno was not disabled. (*Id*.) Second, in October 2009, Bortugno reapplied for disability benefits, alleging an onset date of June 15, 2007. (Tr. at 20, 307−10.) This second application did not mention Bortugno's previous application nor its unfavorable disposition. (Tr. 350−53.) On September 21, 2011, a different

---

[1] Though the plaintiff's name is spelled "Anthony Joseph Bortugno" on documents throughout the record, on the docket his name is spelled "Anthony Burtugno."

administrative law judge, Seth Grossman ("ALJ Grossman"), issued a decision that Bortugno was disabled as of June 15, 2007. (Tr. at 20, 105−09.) ALJ Grossman's September 2011 decision did not mention ALJ Shire's 2009 decision. (*Id.*)

Shortly after ALJ Grossman issued his decision, Bortugno's counsel wrote a letter, apparently without Bortugno's agreement (*see* Tr. 216−17; Dkt. No. 10 at 4), advising ALJ Grossman of Bortugno's 2008 application and requesting to amend Bortugno's claim to reflect a disability onset date of September 26, 2009—the day after ALJ Shire's decision issued. (Tr. at 354.) On November 22, 2011, ALJ Grossman issued a revised favorable decision and changed Bortugno's onset date to September 26, 2009. (Tr. at 116−20.) Bortugno requested review of the amended November 2011 decision.

On December 5, 2013, the Appeals Council issued a decision (1) affirming ALJ Grossman's finding that Bortugno has been disabled since September 26, 2009, but (2) vacating the decision with respect to Bortugno's disability before September 26, 2009. (Tr. at 124−25.) The Appeals Council explained that ALJ Grossman should have treated Bortugno's October 2009 reapplication as a request to reopen ALJ Shire's September 2009 decision. The Appeals Council consequently remanded the case for ALJ Grossman to "weigh[] the medical evidence in order to determine whether [Bortugno] was entitled to an onset date that preceded [ALJ Shire's] unfavorable, September 25, 2009 hearing decision." (Tr. at 124.)

On June 23, 2015, ALJ Grossman issued a decision concluding that there was no "good cause" to reopen the September 2009 decision. (Tr. at 20−23.) Accordingly, Bortugno's onset date remains September 26, 2009. (Tr. at 23.) This suit followed. (*See* Dkt. No. 1.)

## II. Legal Standard

"Although subject matter jurisdiction is usually challenged by way of a Rule 12(b)(1) motion to dismiss, it may also be raised on a Rule 12(c) motion for judgment on the pleadings." *U.S. ex rel Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 448 (S.D.N.Y. 2001); *see also* Fed. R. Civ. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.*

Because Bortugno is proceeding *pro se*, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Discussion

"Congress prescribes the procedures, conditions, and courts in which a claimant may seek judicial review of an administrative order," *Bennerman v. Comm'r of Soc. Sec.*, No. 11 Civ. 6384, 2013 WL 6796351, at *2 (E.D.N.Y. Dec. 23, 2013), and sections 405(g) and (h) of the Social Security Act give district courts jurisdiction to review only "final decision[s]" made by the Commissioner of Social Security. 42 U.S.C. §§ 405(g), (h). Therefore, "[a]s a general rule, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits . . . [because] [t]he Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of § 405(g)." *Byam v. Barnhart*, 336 F.3d 172, 179−80 (2d Cir. 2003).

"Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." *Id*. at 180. The Court considers whether either condition exists in this case.

### A. Constructive Reopening

A case has been constructively reopened when "the Commissioner 'reviews the entire record and renders a decision on the merits.'" *Id*. (quoting *Malave v. Sullivan*, 777 F. Supp. 247, 251 (S.D.N.Y. 1991)). "In such a case, . . . 'any claim of administrative res judicata [will be deemed] to have been waived and thus, the claim is . . . subject to judicial review.'" *Bennerman*, 2013 WL 6796351, at *3 (E.D.N.Y. Dec. 23, 2003) (quoting *Byam*, 336 F.3d at 180).

ALJ Grossman issued three decisions concerning Bortugno's claim for disability benefits. None of these decisions constructively reopened ALJ Shire's September 2009 decision.

First, when ALJ Grossman issued his September 2011 decision, he was unaware of ALJ Shire's September 2009 decision. (Tr. at 20, 231–36.) It is therefore safe to infer that ALJ Grossman did not obtain the record that was presented to ALJ Shire in 2009, and Bortugno gives no indication that he, himself, submitted "the entire record" that was before ALJ Shire to ALJ Grossman for his review. *Byam*, 336 F.3d at 180 (quoting *Malave*, 777 F. Supp. at 251). Therefore, the Court cannot conclude that ALJ Grossman "review[ed] the entire record and render[ed] a decision on the merits." *Malave*, 777 F. Supp. at 251; *see also Columbel v. Comm'r of Soc. Sec.*, No. 16 Civ. 773, 2017 WL 3175599, at *15 (N.D.N.Y. July 26, 2017) (concluding that an ALJ had not constructively reopened an earlier application where the ALJ "did not obtain the file that was submitted for that prior application"); *Adams ex rel. Williams v. Barnhart*, No. 01 Civ. 10030, 2003 WL 102824, at *11 (S.D.N.Y. Jan. 10, 2003) (concluding that a prior

4

application was not reopened where "the ALJ . . . did not have [the claimant's] entire record before him).

Second, after Bortugno's counsel alerted ALJ Grossman to ALJ Shire's September 2009 decision, ALJ Grossman issued a new decision on November 22, 2011 amending his September 2011 decision. (Tr. at 111–20.) ALJ Grossman noted that he issued the new decision "for the sole purpose of noting that the claimant has amended his alleged onset date of disability to September 26, 2009." (Tr. at 116.) The November 2011 amended decision relied on the same evidence as the September 2011 decision and neither referenced additional evidence nor evaluated the September 2009 decision. Therefore, the November 2011 amended decision did not constructively reopen ALJ Shire's September 2009 decision.[2] (*Id.*)

Third, in response to the Appeals Council's remand with the directive to treat Bortugno's October 2009 application as a request to reopen ALJ Shire's September 2009 decision, ALJ Grossman's June 2015 decision found "no good cause" to reopen. (Tr. at 23.) In finding no good cause, ALJ Grossman examined new evidence related to Bortugno's mental health impairment between June 15, 2007, and September 25, 2009—evidence that was not part of the claim record before ALJ Shire. (Tr. at 22.) After considering the new evidence alongside the rest of the record that was available to ALJ Shire as of September 25, 2009, ALJ Grossman

---

[2] Furthermore, neither of ALJ Grossman's 2011 decisions became a "final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), with respect to Bortugno's disability before September 26, 2009, because the Appeals Council's December 2013 decision vacated ALJ Grossman's decisions with respect to that issue. (Tr. at 124−25.) This deprives the Court of jurisdiction to consider either 2011 decision as a constructive reopening. *Cf. Vaswani v. Barnhart*, No. 05 Civ. 8539, 2007 WL 2412262, at *2 (S.D.N.Y. Aug. 23, 2007) ("Where . . . the Appeals Council vacates the ALJ's consideration of the merits and holds that the claim is barred on the ground of *res judicata*, a district court is without jurisdiction to review the agency's denial of a request to reopen.").

5

concluded that the September 2009 decision was "not contrary to the weight of the new evidence" and that there was therefore no good cause to reopen ALJ Shire's decision. (*Id.*)

This analysis did not constructively reopen the case. "[W]hen presented with a request to reopen earlier applications, the Secretary must look into the facts of those applications to determine whether there is cause to reopen them." *Byam*, 336 F.3d at 181. Therefore, "[w]hen an ALJ merely reviews the evidence to assess 'whether there was new evidence to establish good cause to reopen' a previous application, this does not constitute a constructive reopening." *Navan v. Astrue*, No. 11 Civ. 6732, 2012 WL 398635, at *3 (S.D.N.Y. Feb. 8, 2012) (quoting *Byam*, 336 F.3d at 180).

## B. Due Process

In the absence of a constructive reopening, this Court has jurisdiction to review the Commissioner's decision only if this case presents one of the "rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sandera,* 430 U.S. 99, 109 (1977). As Bortugno is proceeding *pro se* and has not filed an opposition brief, the Court considers whether his pleadings can be read to raise a due process challenge to the Commissioner's decision not to reopen ALJ Shire's 2009 decision.

Due process "requires 'notice and an opportunity to be heard.'" *Fastiggi v. Comm'r of Soc. Sec.*, No. 11 Civ. 997, 2014 WL 1285125, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting *Dusenberry v. United States*, 534 U.S. 161, 167 (2002)). Bortugno received hearings before both ALJ Shire and ALJ Grossman (Tr. at 20, 31−39; 41−73; 75−97, 237−241), and nothing in the record indicates that he failed to receive adequate notice of these hearings. Furthermore, Bortugno was represented by counsel at his hearings before ALJ Grossman. (Tr. at 16, 31, 33, 41, 43, 75, 78.) In the normal case, this would be more than sufficient to establish that Bortugno

6

received due process.  *See Fastiggi*, 2014 WL 1285125, at *4 (holding that there was no due process violation where the plaintiff's application "appear[ed] to have received all levels of administrative review, including an evidentiary hearing at which she was represented by counsel").

However, even when a claimant receives all of the notice and administrative review due by statute, "[a] claimant suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from proceeding from one administrative level to another." *Byam*, 336 F.3d at 182 (quoting *Elchediak v. Heckler*, 750 F.2d 892, 894 (11th Cir. 1985)).  To invoke federal jurisdiction to review a claim of inadequate process due to mental illness, a plaintiff must make a "particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension" of the plaintiff's ability to pursue available procedures.  *Id.* (quoting *Stieberger v. Apfel*, 134 F.3d 37, 40−41 (2d Cir. 1997); *see also Vaswani v. Barnhart*, No. 05 Civ. 8539, 2007 WL 2412262, at *3 (S.D.N.Y. Aug. 23, 2007) ("The *Byam* standard requires inquiry into not only whether the claimant could understand administrative and legal procedures, but also whether she could pursue these procedures.").  A plaintiff cannot rely "upon a generalized allegation, long after the fact, that the claimant was too confused to understand available administrative remedies."  *Stieberger*, 134 F.3d at 41.

Even construed liberally, Bortugno's Complaint fails to allege a "mental impairment plausibly of sufficient severity to impair comprehension."  *Byam*, 336 F.3d at 182 (quoting *Stieberger*, 134 F.3d at 40−41).  Indeed, Bortugno was able to file a new application for disability benefits the month after ALJ Shire's September 2009 decision issued.  (Tr. at 360.)  And although Bortugno is currently proceeding *pro se*, throughout the administrative

proceedings he was represented by counsel. (Tr. at 31−39, 41−43, 75−78.) *See Velsor v. Astrue*, No. 04 Civ. 10009, 2009 WL 1270229, at *2 (S.D.N.Y. May. 6, 2009) (holding that the plaintiff's mental impairment did not satisfy the standard articulated in *Stieberger*, in part because he was represented by counsel); *see also Dionne v. Colvin*, No. 15 Civ. 1163, 2017 WL 1024258, at *2 (D. Conn. Mar. 16. 2017) (finding the complaint untimely and noting that where plaintiff was represented "the right to judicial review was understood, if not by, on behalf of the claimant").

**IV.     Conclusion**

For the foregoing reasons, the Court does not have jurisdiction to review ALJ Grossman's decision not to reopen ALJ Shire's 2009 decision. The Commissioner's motion for judgment on the pleadings is GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

The Clerk of Court is directed to close the motion at Docket Number 9 and to close the case.

SO ORDERED.

Dated: August 1, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge


*COPY MAILED TO PRO SE PARTY BY CHAMBERS*